UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ADINA KADDEN,

               Plaintiff,

- against -

VISUALEX, LLC,

               Defendant.

------------------------------------------------------X



**MEMORANDUM
OPINION AND ORDER**

11 Civ. 4892 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       From May 2008 until March 2011, Adina Kadden was employed as a Litigation Graphics Consultant at Visualex, a full-service litigation support firm that specializes in creating visual presentations for trial.[1] Until March 31, 2009, Kadden was paid approximately thirty-six dollars per hour for the first forty hours of work per week and then paid a time-and-a-half premium of approximately fifty-four dollars per hour for hours worked beyond forty.[2] However, beginning on

---

[1] *See* Defendant's Memorandum of Law in Support of Its Motion in Limine ("Def. Mem.") at 1; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion in Limine ("Pl. Mem.") at 1.

[2] Visualex's offer letter to Kadden and her paystubs referred to this compensation with the common term "overtime." *See* 5/16/08 Letter from Visualex to Kadden, Ex. B, and Paystubs, Ex. I, to Declaration of Mark Risk, plaintiff's counsel, in Opposition to Defendant's Motion in Limine ("Risk Decl."). In its letter informing Kadden that she would no longer receive this time-and-a-half

March 31, 2009, Kadden was not paid any premium for hours worked beyond forty per week. Visualex fired Kadden on March 24, 2011.

Kadden filed this lawsuit for unpaid overtime under the Fair Labor Standards Act ("FLSA"). At the liability stage, the only question in dispute is whether or not Kadden was "employed in a bona fide . . . professional capacity"[3] and therefore exempted from the FLSA's protections. A bench trial is scheduled for August. Visualex has filed a motion *in limine* to exclude Kadden from introducing four categories of evidence. For the reasons explained below, defendant's motion is denied.

### Category One: Evidence Relating to Heather Moran

Visualex seeks to exclude evidence relating to Heather Moran, who filled the Litigation Graphics Consultant position after Kadden was fired. Kadden seeks to submit evidence showing that Moran had no graduate degree or other specialized training. Visualex argues that the evidence about Moran is not

---

pay, Visualex referred to it as an "incentive perk" and defense counsel now refers to it as "incentive compensation." *See* 3/31/09 Letter from Visualex to Kadden, Ex. H to Risk Decl., and Def. Mem. at 3.

[3]  29 U.S.C. § 213(a)(1). *See Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009) (finding that a Product Design Specialist who earned $62,000 per year and performed engineering-like functions was not exempt from the FLSA). Because the "FLSA is a remedial statute, this exemption must be 'narrowly construed.'" *Id.* at 204 (quoting *A.H. Phillips, Inc v. Walling*, 324 U.S. 490, 493 (1945)).

probative of the answers to the only relevant inquiry, namely: "what were the duties and responsibilities of Graphic Consultants, including plaintiff, at Visualex during the time that plaintiff was employed; and (ii) why was plaintiff hired by Visualex (not why other employees were hired)."[4]

Indeed it is true that "[a] job title alone is insufficient to establish the exempt status of an employee."[5] But a job title is probative of the employee's duties. Similarly, the duties, education, and training of the employee who succeeded Kadden as a Litigation Graphics Consultant are probative of Kadden's duties and the educational and training requirements for that position.[6] Defendant may argue that Kadden and Moran had different duties despite their identical job titles and that Kadden's actual duties made her exempt from the FLSA's overtime provisions. But Moran's duties and educational background are clearly probative of the question at issue. They are admissible under Federal Rule of Evidence 402.

**Category Two: Offer Letters to Other Employees**

---

[4] Def. Mem. at 5.

[5] 29 C.F.R. § 541.2 (explaining that "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations").

[6] Defendants deny that Moran "replaced" Kadden, although they agree that Moran began working at Visualex a few days after Kadden's termination and, like Kadden, held the title of Litigation Graphics Consultant.

probative of the answers to the only relevant inquiry, namely: "what were the duties and responsibilities of Graphic Consultants, including plaintiff, at Visualex during the time that plaintiff was employed; and (ii) why was plaintiff hired by Visualex (not why other employees were hired)."[4]

Indeed it is true that "[a] job title alone is insufficient to establish the exempt status of an employee."[5] But a job title is probative of the employee's duties. Similarly, the duties, education, and training of the employee who succeeded Kadden as a Litigation Graphics Consultant are probative of Kadden's duties and the educational and training requirements for that position.[6] Defendant may argue that Kadden and Moran had different duties despite their identical job titles and that Kadden's actual duties made her exempt from the FLSA's overtime provisions. But Moran's duties and educational background are clearly probative of the question at issue. They are admissible under Federal Rule of Evidence 402.

**Category Two: Offer Letters to Other Employees**

---

[4] Def. Mem. at 5.

[5] 29 C.F.R. § 541.2 (explaining that "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations").

[6] Defendants deny that Moran "replaced" Kadden, although they agree that Moran began working at Visualex a few days after Kadden's termination and, like Kadden, held the title of Litigation Graphics Consultant.

probative of the answers to the only relevant inquiry, namely: "what were the duties and responsibilities of Graphic Consultants, including plaintiff, at Visualex during the time that plaintiff was employed; and (ii) why was plaintiff hired by Visualex (not why other employees were hired)."[4]

Indeed it is true that "[a] job title alone is insufficient to establish the exempt status of an employee."[5] But a job title is probative of the employee's duties. Similarly, the duties, education, and training of the employee who succeeded Kadden as a Litigation Graphics Consultant are probative of Kadden's duties and the educational and training requirements for that position.[6] Defendant may argue that Kadden and Moran had different duties despite their identical job titles and that Kadden's actual duties made her exempt from the FLSA's overtime provisions. But Moran's duties and educational background are clearly probative of the question at issue. They are admissible under Federal Rule of Evidence 402.

**Category Two: Offer Letters to Other Employees**

---

[4] Def. Mem. at 5.

[5] 29 C.F.R. § 541.2 (explaining that "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations").

[6] Defendants deny that Moran "replaced" Kadden, although they agree that Moran began working at Visualex a few days after Kadden's termination and, like Kadden, held the title of Litigation Graphics Consultant.

Visualex seeks to preclude admission of the offer letters that were sent to Moran and to two other Litigation Graphics Consultants who were hired before Kadden. It argues, again, that "[t]he terms and conditions of employment of other employees have no bearing on why plaintiff was hired or why plaintiff was classified as exempt."[7] But it cites no law for this illogical proposition. The terms and conditions of employment of the employees who shared plaintiff's job title (and those employees' educational and training backgrounds) are probative of the terms and conditions (and educational and training requirements) of plaintiff's employment and they are therefore admissible.

### Category Three: Plaintiff's Pay Prior to March 31, 2009

Defendant seeks to exclude the evidence that Kadden was paid a time-and-a-half premium for the first ten months of her employment. Kadden argues that these paystubs are admissible because they rebut Visualex's sixth affirmative defense, which seeks refuge in the Department of Labor's regulation governing a "[f]ixed salary for fluctuating hours."[8] The regulation only applies when there is "a clear mutual understanding of the parties."[9] The history of Kadden's wages,

---

[7] Def. Mem. at 6.

[8] 29 C.F.R. § 778.114. *See* Visualex Answer at 5.

[9] 29 C.F.R. § 778.114(a).

both before and after March 31, 2009, are relevant to the applicability of the regulation. The paystubs will therefore be admissible to determine damages if there is a finding of liability.[10]

**Category Four:**

Finally, Visualex seeks to preclude Kadden from arguing that Visualex' violation of the FLSA was not in good faith. Under the law, if an employer can establish that its violation "was in good faith and that [it] had reasonable grounds for believing that [its] act or omission" did not violate the law, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof" not to exceed one-hundred percent of actual damages.[11] In this context, "[t]he employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception."[12]

---

[10] Defendant notes that some courts have addressed the question of damages by reference to the Supreme Court's decision in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942), rather than by reference to the Department of Labor regulations. *See, e.g., Valerio v. Putnam Assoc., Inc.*, 173 F. 3d 35 (1st Cir. 1999). Resolving the damages question is premature at this stage. I need not yet determine whether half-time or time-and-a-half damages are appropriate, but if the question arises then the paystubs will be relevant.

[11] 29 U.S.C. § 260.

[12] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).

Visualex' president, Lillian Romano, testified at her deposition that before she eliminated Kadden's time-and-a-half pay, she conducted a Google search, read Department of Labor material, completed a checklist prepared by the Department, and sought the advice of her counsel, Traycee Klein.[13] During discovery, Kadden sought the production of the written communication between Romano and Klein. Because there was not yet a finding of liability, and in order to preserve the attorney-client privilege to the extent possible, I examined the communication *in camera*.[14] I determined that "the advice is essentially they're exempt" and that Romano "used the offer letters" to describe plaintiff's duties to attorney Klein.[15]

Kadden is correct that in general "absent a waiver of the privilege, [a defendant] cannot sustain a defense based on good faith reliance on the advice of counsel."[16] Furthermore, in order to benefit from the "advice of counsel" defense, "a party must *rely* on privileged advice from his counsel to make his claim or

---

[13] *See* Pl. Mem. at 8; Def. Mem. at 7.

[14] *See* 3/12/12 Conference Transcript

[15] *Id.* at 8:9-23.

[16] *McLean v. Garage Management Corp.*, No. 10 Civ. 3950, 2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012).

defense."[17]

If Kadden is able to establish liability at trial then it will be Visualex's burden to show good faith in order to avoid mandatory liquidated damages. Kadden will have the right to challenge that defense. If Visualex relies on the advice of its counsel, it must produce any proof of that advice to Kadden. In addition, Visualex will be required to establish that it *relied* on Klein's advice. Even if Visualex establishes good faith, I note that liquidated damages may be appropriate.[18]

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 25, 2012

---

[17]   *In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008).

[18]   *See* 29 U.S.C. § 260.

## - Appearances -

**For Plaintiff:**

Mark Risk, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
(212) 682-4100

**For Defendant:**

Tracee Ellen Klein, Esq.
Margaret Casey Thering, Esq.
Epstein, Becker, & Green, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500