UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

ADINA KADDEN,

          Plaintiff,

- against -

VISUALEX, LLC,

          Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/12

## MEMORANDUM OPINION AND ORDER

11 Civ. 4892 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      Adina Kadden sued her former employer VisuaLex, LLC, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")[1] alleging that she was improperly denied overtime payment when VisuaLex stopped paying its graphics consultants overtime on April 1, 2009. Following a two-day bench trial, I found that Kadden was a non-exempt employee under the FLSA and NYLL, and was thus entitled to unpaid overtime in the form of one and one-half times her hourly rate for all hours worked per week above forty.[2] I then directed

---

[1] *See* 29 U.S.C. § 201 et seq.; NYLL §§ 198(1-a), 663.

[2] *See Kadden v. VisuaLex, LLC*, No 11 Civ. 4892, 2012 WL 4354781 (S.D.N.Y. Sept. 24, 2012). A detailed factual background is provided in the

1

the parties to brief the remaining damages issues: (1) how many unpaid hours of overtime Kadden worked, and (2) whether VisuaLex is entitled to any offset of damages for benefits Kadden received because she was classified as an exempt employee.[3] The parties submitted letters addressing these issues on October 4, 2012.[4]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Hours Worked

In my September 24 Opinion, I held that Kadden was entitled to overtime compensation of one and one-half times her regular hourly pay, which was $36.06.[5] Kadden's overtime rate is therefore $54.09. VisuaLex's timekeeping software, Quickbooks, reflects that Kadden worked 416.7 hours of unpaid overtime.[6] However, Kadden acknowledges that a reduction of 14.3 hours is warranted to reflect inconsistencies between her handwritten timesheets and the

---

September 24 Opinion and is not repeated here.

[3] *See id.* at *12. I held that Kadden was not entitled to liquidated damages because the misclassification was made in good faith. *See id.*

[4] See 10/4/12 Letter from Plaintiff re: Damages ("Pl. Letter"); 10/4/12 Letter from Defendant re: Damages ("Def. Letter").

[5] *See* Def. Letter at 3 n.5; Pl. Letter at 3.

[6] *See* Def. Letter at 2 n.3; Pl. Letter at 2.

time entered in Quickbooks.[7] Therefore, the total number of unpaid overtime hours is 402.4. 303.6 of those hours fall within the FLSA's two year statute of limitations.[8] The remainder, 98.8 hours, are covered under NYLL's six year limitations period.[9]

**B.    Offsets**

FLSA section 207(h) explicitly lists the types of "[e]xtra compensation creditable toward overtime compensation."[10] It states that, except for "extra compensation" paid at a "premium rate" for certain "hours worked," payments not included in the regular rate of compensation "shall not be creditable toward . . . overtime compensation required under this section."[11] "Payments made

---

[7]    *See* Pl. Letter at 3. VisuaLex argues that the handwritten timesheets warrant a deduction of 78.3 hours. *See* Def. Letter at 2. However, because Quickbooks was VisuaLex's official timekeeping record, by which it billed clients and calculated overtime compensation generally, I decline to base the damages calculation on the handwritten notes rather than the official record. I accept the deduction of 14.3 hours only because Kadden has stipulated to it.

[8]    *See* Pl. Letter at 2 n.3. Because VisuaLex's misclassification was made in good faith, the statute of limitations under the FLSA is two years. *See* 29 U.S.C. § 216(b).

[9]    *See* NYLL § 198(3). *Accord Dragone v. Bob Bruno Excavating, Inc.*, 847 N.Y.S.2d 251, 253 (3d Dep't 2007) (six-year limitations period, not a three-year period, applied to claim for unpaid overtime wages under New York Labor Law).

[10]    29 U.S.C. § 207(h).

[11]    *Id.*; *see also id.* § 207(e)(5-7).

for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause" are not creditable toward overtime payments.[12] Because VisuaLex has not established that Kadden was ever paid a premium for hours worked after VisuaLex stopped paying overtime in April 2009, VisuaLex is not entitled to any offsets.

### C.    Prejudgment Interest

Although "[t]he decision to award prejudgment interest is left to the sound discretion of the court . . . [i]t is ordinarily an abuse of discretion not to award pre-judgment interest on an award of lost wages."[13] The Second Circuit has held that "judgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate."[14] However, where prejudgment interest "can only be awarded on the basis of what is solely a state claim, it is appropriate to use the state interest rate."[15]

The federal interest rate is based on the average rate of return on

---

[12]   *Id.* §§ 207(h), 207(e)(2).

[13]   *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 264 (S.D.N.Y. 2007) ("*Thomas I*") (citing *Gierlinger v. Gleason*, 160 F.3d 858, 873-74 (2d Cir. 1998), *aff'd in Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 (2d Cir. 2011) ("*Thomas II*")

[14]   *Thomas II*, 652 F.3d at 150.

[15]   *Id.* at 150 n.7.

one-year Treasury bills for the relevant time period between the time the claim arises until the entry of judgment pursuant to 28 U.S.C. § 1961(a).[16] Thus, the prejudgment interest for two years of overtime payment covered by the FLSA is calculated as follows:

> First, the award should be divided pro rata over the appropriate time period. Second, once the award is divided, the average annual United States treasury bill rate of interest referred to in 28 U.S.C. § 1961 will be applied. Third and finally, in order to guarantee complete compensation to the plaintiff, the interest will be compounded annually.[17]

Using this methodology, the interest on the back pay award of $16,421.72 ($54.09 x 303.6) from July 15, 2009[18] to the date of this judgment is $248.02.

For the damages that fall only within the NYLL limitations period, New York law provides for a nine percent annual rate of interest computed from a single reasonable intermediate date.[19] Nine percent interest on the back pay of $5,344.09 ($54.09 x 98.8) calculated from the intermediate (with respect to the

---

[16] See *Thomas I*, 508 F. Supp. 2d at 264 (citing *Levy v. Powell*, No. 00 cv 4499, 2005 WL 1719972, at * 3 (E.D.N.Y. July 22, 2005)).

[17] *Id.* (quoting *Robinson v. Instructional Systems, Inc.*, 80 F. Supp. 2d 203, 208 (S.D.N.Y. 2000)) (quotation marks and alterations omitted).

[18] Because the Complaint was filed on July 15, 2011, this is the beginning of the limitations period under the FLSA.

[19] See N.Y.C.P.L.R. § 5004.

NYLL limitations period) date of June 1, 2009 is $1,633.97.

### D. Attorneys Fees and Costs

The FLSA and NYLL mandate reasonable attorneys' fees and costs.[20]

## III. CONCLUSION

Kadden is awarded damages of $21,765.81 ($54.09 x 402.2 hours) and prejudgment interest of $1,881.99 as described in Part II.C. above. Under Federal Rule of Civil Procedure 54, Kadden has fourteen days from the entry of this Order to submit an application for attorneys' fees and costs.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 22, 2012

---

[20] See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); NYLL §§ 198(1-a), 663

-Appearances-

**For Adina Kadden:**

Mark D. Risk, Esq.
Mark Risk, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
(212) 682-4100

**For VisuaLex, LLC**

Traycee Ellen Klein, Esq.
Margaret Casey Thering, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York
(212) 351-4500