UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

ADINA KADDEN,

                                                                                                  11 Civ. 4892 (SAS)

        Plaintiff,

    -against-

VISUALEX, LLC,

        Defendant.
-------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

                                                          MARK RISK, P.C.
                                                        60 East 42nd Street, Suite 4700
                                                        New York, New York 10165
                                                        (212) 682-4100

                                                        *Counsel for Plaintiff*

# TABLE OF CONTENTS

                                                                                                                                                **Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 2

ARGUMENT ............................................................................................................................ 2

    KADDEN'S REQUESTED ATTORNEY'S FEES ARE REASONABLE ...................... 2

        I.    Applicable Law ............................................................................................ 2

        II.   The Lodestar is Reasonable ......................................................................... 5

        III.  The Requested Hourly Rates Are Reasonable ............................................ 6

        IV   The Hours For Which Compensation is Requested Were Reasonably Expended ..... 8

        V.   The Case-Specific Variables Also Support Plaintiff's Requested Fees ....... 8

    KADDEN IS ENTITLED TO REIMBURSEMENT OF HER COSTS ........................ 10

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amaprop Ltd. V. Indiabulls Fin. Servs., Ltd.*,
    2011 U.S. Dist. LEXIS 27035 (S.D.N.Y. March 16, 2011) ..........................................2, 7

*Anderson v. City of New York*,
    132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001) ......................................................................10

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany and Albany Cty. Bd. of Elec.*,
    522 F.3d 182 (2d Cir. 2008).................................................................................................4

*Baird v. Boies. Schiller & Flexner LLP*,
    219 F. Supp. 2d 510 (S.D.N.Y. 2002).................................................................................10

*Barcia v. Sitkin*,
    No. 79 Civ. 5831 (RLC), 1997 WL 66785 (S.D.N.Y. Feb. 14, 1997)..............................8

*Blum v. Stenson*
    465 U.S. 886 (1984)............................................................................................................6

*Chin v. RCN Corp.*,
    No. 08 Civ. 7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010) .......................................7

*City of Detroit v. Grinnell Corp.*,
    560 F.2d 1093 (2d Cir. 1977)..............................................................................................6

*Cowan v. Prudential Ins. Co. of Am.*
    935 F.2d 522 (2d Cir. 1991)................................................................................................3

*Dailey v. Societe Generale*,
    915 F. Supp. 1315 (S.D.N.Y. 1996)..................................................................................10

*Ebbert v. Nassau County Police Dept.*,
    2011 U.S. Dist. LEXIS 150080 (E.D.N.Y. Dec. 22, 2011) ................................................7

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43 (2d Cir. 2000)..................................................................................................6

*Harris v. Marhoefer,*
    24 F.3d 16 (9th Cir. 1994) ................................................................................................10

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ................................................................................................3, 5, 6

*Johnson v. Ga. Highway Express, Inc.*,
 488 F.2d 714 (5th Cir. 1974) .........................................................................................3, 4

*LeBlanc-Sternberg v. Fletcher*,
 143 F.3d 748 (2d Cir. 1998) ..............................................................................................10

*Millea v. Metro-North R.R. Co.*,
 658 F.3d 154 (2d Cir. 2011) ...............................................................................................4

*Morris v. Eversley*,
 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) .......................................................................10

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*
 478 U.S. 546 (1986) ......................................................................................................3, 5

*Perdue v. Kenny A.*,
 --- U.S. ---, 130 S. Ct. 1662 (2010) ............................................................................. 2-4

*Quaratino v. Tiffany & Co*,
 166 F.3d 422 (2d Cir. 1999) ...............................................................................................5

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*,
 818 F.2d 278 (2d Cir. 1987) ..............................................................................................10

*Reiter v. MTA New York City Trans. Auth.*
 457 F.3d 224 (2d Cir. 2006) ...............................................................................................6

*Rozell v. Ross-Holst*,
 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) ........................................................................7

*Skold v. Am. Int'l Group, Inc.*,
 No. 96 Civ. 7137, 1999 WL 672546, (S.D.N.Y. Aug. 25, 1999) ......................................10

*Smith v. Voorhees College*,
 Civil Action No. 5:05-1911, 2008 WL 2627471, (D.S.C. June 27, 2008) .........................9

*Torres v. Gristede's Operating Corp.*,
 04 CIV. 3316 PAC, 2012 WL 3878144 (S.D.N.Y. Aug. 6, 2012) ....................................7

*Velez v. Novartis Pharm. Corp.*,
 2010 U.S. Dist. LEXIS 125945 (S.D.N.Y. Nov. 30, 2010) ...............................................7

*Vikhu v. City of N.Y.*,
        No. 06 CV 2095, 2009 WL 1851019, at *5 (E.D.N.Y. June 26, 2009) ............................ 7

**<u>Federal Statutes</u>**

29 U.S.C. §216(b) ........................................................................................................................ 2, 9

New York Labor Law §198(1-a). ................................................................................................ 2, 9

New York Labor Law §663. ........................................................................................................ 2, 9

## Preliminary Statement

Kaden has prevailed on her claims for overtime compensation under the Fair Labor Standards Act, and is entitled to attorney fees and costs. 29 U.S.C. §216(b), and New York Labor Law §§198(1-a) and 663.

Kadden has provided contemporaneous records of the time spent by counsel in connection with this case. In this application, Kadden seeks attorneys' fees and costs from inception of the case through the submission of this application. As set forth below, the attorneys' fees and costs sought are reasonable and appropriate.

## Argument

## KADDEN'S REQUESTED ATTORNEYS' FEES ARE REASONABLE

### I. Applicable Law

A prevailing plaintiff should be granted reasonable attorneys' fees and costs under both the FLSA and the New York Labor Law. *See* 29 U.S.C. §216(b), and New York Labor Law §§198(1-a) and 663. "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A.*, --- U.S. ---, 130 S. Ct. 1662, 1672 (2010). In *Kenny A.*, the Supreme Court reaffirmed the use of the lodestar method for determining the reasonable fee award. *Id.* ("[t]he 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)) (citations omitted). Under the lodestar method, the plaintiff's reasonable fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Amaprop Ltd. V. Indiabulls Fin. Servs., Ltd.*, 2011 U.S. Dist. LEXIS 27035, at *12 (S.D.N.Y. March 16, 2011); *see also, e.g., Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 524 (2d Cir. 1991). While the "lodestar method was never intended to be

conclusive in all circumstances," "there is a 'strong' presumption that the lodestar figure is reasonable." *Kenny A.,* 130 S. Ct. at 1673.

In discussing the appropriate methodology for determining a fee award, the Supreme Court in *Kenny A.* compared the preferred lodestar approach with the method set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which requires a court to balance twelve factors in determining a proper fee award.[1] The Supreme Court was critical of the *Johnson* approach because it "gave very little guidance to district courts" and permitted courts to set "attorneys' fees by reference to a series of sometimes subjective factors [that] placed unlimited discretion in trial judges and produced disparate results." *Kenny A.,* 130 S.Ct. at 1672 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In contrast, the Supreme Court enumerated the "important virtues" of the lodestar approach:

> First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community. Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administratable; and unlike the *Johnson* approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful review, and produces reasonably predictable results.

---

[1] The twelve *Johnson* factors are:

"(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

3

*Id.* (emphasis in original) (internal citations omitted).

The Supreme Court's decision in *Kenny A.* thus casts serious doubt on the fee methodology adopted by the Second Circuit in *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany and Albany Cty. Bd. of Elec.,* 522 F.3d 182 (2d Cir. 2008). In *Arbor Hill*, the Second Circuit abandoned the use of the term "lodestar" and instructed courts to "bear in mind *all* of the case specific variables" involved in determining an appropriate fee, including the *Johnson* factors and others.[2] *Arbor Hill*, 522 F.2d at 190 (emphasis in original). Thus, *Arbor Hill*'s subjective, multi-factored methodology is a significant departure from the Supreme Court's mandate that courts render objective fee decisions based on prevailing market rates in the relevant community.[3] Accordingly, Kadden respectfully requests that the Court apply the traditional lodestar method in considering her fee request. However, even under the modified methodology of *Arbor Hill*, the requested fee award is reasonable.

As a threshold matter, Kadden obtained substantial success in this matter. VisuaLex claimed that Kadden was exempt under each of the learned professional, creative professional, and administrative exemptions. It further claimed that if Kadden were found non-exempt, her overtime compensation should be calculated under the "half time" method, and that VisuaLex was entitled to various offsets, each of which would have reduced substantially the recovery to

---

[2] In addition to the *Johnson* factors, *Arbor Hill* also directed courts to "bear in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively" and to "consider that [the client] might be able to negotiate with his or her attorneys, using their desire to obtain reputational benefits that might accrue from being associated with the case." 522 F.3d at 190.

[3] Of course, the Second Circuit did not have the benefit of the Supreme Court's decision in *Kenny A.* at the time it decided *Arbor Hill*. In *Millea v. Metro-North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011), the Court stated that, "[w]hile the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." *Id*. at 166.

4

Kadden. Kadden prevailed on each of these issues. Though the Court did decline to award liquidated damages on Kadden's federal claim, Kadden prevailed on both of her causes of action, and her attorney fee ought not be reduced simply because the Court exercised its discretion not to award the additional remedy of liquidated damages. By decision of October 22, the Court awarded overtime compensation of $21,765.81 plus prejudgment interest of $1881.99.

Plaintiff seeks recovery for time spent by counsel and legal assistants that was necessary for her to achieve this result.

## II.     The Lodestar is Reasonable

"There is ... a 'strong presumption' that the lodestar figure represents a reasonable fee." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999) (*quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565). In accordance with the lodestar calculation, Kadden's claim for fees is the product of a reasonable number of hours expended multiplied by an appropriate hourly rate. *See Hensley*, 461 U.S. at 433. In light of the successful representation at trial and the results achieved, this figure represents a reasonable award. In addition, Kadden has exercised billing judgment to ensure that the hours claimed are reasonable and do not reflect duplication of effort.

The time spent by plaintiff's lawyers on this case is described in the Declaration of Mark D. Risk dated November 12, 2012 ("Risk Dec." or the "Risk Declaration"), and the contemporaneous time records attached thereto. (*See* Risk Dec., **Ex. A**.) Kadden requests attorneys' fees for Mark D. Risk, and Avi Mermelstein, a 2012 law graduate who assisted in the legal research and preparation of the pretrial memorandum of law. The time records show that the case was efficiently staffed. The Risk Declaration and the time records describe the activities of the case.

### III. The Requested Hourly Rates Are Reasonable

Under the standards set forth in *Hensley* and subsequent cases, a reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to . . . as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir. 1977) (courts look to "the hourly rate normally charged for similar work by attorneys of like skill in the area"), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). Among the factors to be considered in the assignment of hourly rates are the quality of representation and the experience and special skill of the attorney. *See Blum*, 465 U.S. at 898-99. The rates to be used should be "'current rather than historic hourly rates'" for the district in which the Court sits. *Reiter v. MTA New York City Trans. Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quotations omitted).

The rates charged for the time of Risk and Mermelstein are reasonable based on prevailing rates in the Southern District of New York, and are appropriate to the level of skill of the attorneys who represented Kadden. The $525 rate sought is consistent with the rates obtained by Risk in litigation matters for which he is paid by the hour. (Risk Dec. at ¶26). Kadden also submits sworn statements from other lawyers who practice in the Southern District of New York with extensive experience in employment law. (*See* Declaration of John Bernanbaum, dated November 9, 2012 ("Beranbaum Dec."); Declaration of Darnley D. Stewart, dated November 9, 2012 ("Stewart Dec."), and the Declaration of Justin Swartz, Esq., dated November 8, 2012 ("Swartz Dec."). They charge between $550 per hour to $675 per hour, and affirm that experienced partners practicing employment law in this District charge hourly rates

that range from $450 to over $700 and up. They confirm that the rates requested for Risk (and for Mermelstein) are at or below the prevailing market rates. *See* Beranbaum Dec. ¶ 6; Stewart Dec. ¶6; Swartz Dec. ¶8.

These rates also comport with other judicially-awarded rates in this District and in the Eastern District of New York. *See Torres v. Gristede's Operating Corp.*, 04 CIV. 3316 PAC, 2012 WL 3878144 (S.D.N.Y. Aug. 6, 2012)(hourly rates of $550 and $500 awarded to lawyers who graduated law school in 1990 and 1998 respectively, in wage and hour class action); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (hourly rate of $600 awarded to lead counsel in single plaintiff discrimination case); *Ebbert v. Nassau County Police Dept.,* 2011 U.S. Dist. LEXIS 150080, at \*\*44 & 51 (E.D.N.Y. Dec. 22, 2011) (finding hourly rates of $650 and $700 an hour for partners reasonable in a gender discrimination case); *Velez v. Novartis Pharm. Corp*., 2010 U.S. Dist. LEXIS 125945, at \*63 (S.D.N.Y. Nov. 30, 2010) (awarding hourly rates of up to $750 an hour for partners in gender discrimination class action); *Chin v. RCN Corp.*, No. 08 Civ. 7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010) (finding that a "blended hourly rate" of "roughly $605" is "roughly in line with what is typically considered reasonable in this district"); *Vikhu v. City of N.Y.,* No. 06 CV 2095, 2009 WL 1851019, at \*5 (E.D.N.Y. June 26, 2009) (noting evidence of three affidavits from law firms in the Southern District with extensive experience in civil rights law that associates' hourly rates range from $200 to $450 and partners' rates from $400 to $900), *reversed on other grounds*, 372 Fed. Appx. 222 (2d Cir. 2010). The rates requested are also on the low end of the scale for New York law firms. *See, e.g., Amaprop Ltd*., 2011 U.S. Dist. LEXIS 27035, at \*\*14-15 (awarding hourly rates of up to $761 an hour for partners, $392 for mid-level associates (class of 2007), and $251 for paralegals).

Kadden seeks an hourly rate of $525 for Risk's time. It is consistent with rates approved in Southern District courts for lawyers of comparable skill and experience. Risk Dec. ¶¶ Dec. 24-26. She seeks an hourly rate of $200 for Mermelstein's time, a 2012 law school graduate, which is in line with rates awarded for professionals of similar skill and experience. "[A] court may look to a firm's existing fee schedule to determine the appropriate rate in an attorneys' fee application." *Barcia v. Sitkin*, No. 79 Civ. 5831 (RLC), 1997 WL 66785 (S.D.N.Y. Feb. 14, 1997). The rate requested for Risk's time is consistent with the rate he charges to hourly paying litigation clients. Risk Dec. ¶26.

### IV. The Hours For Which Compensation is Requested Were Reasonably Expended

The Risk Declaration and the attached time records describe the activities on the case and the time spent. (*See* Risk Dec. ¶¶ 4-22, and **Ex. A**). The hours were reasonably expended and in many instances required by the manner in which VisuaLex chose to litigate the case. Plaintiff therefore requests $221,451.25 in attorneys' fees through the date of the entry of judgment. *See* Risk Dec. ¶29.

### V. The Case-Specific Variables Also Support Plaintiff's Requested Fees

Kadden prevailed in a case that VisuaLex, represented by a large firm with a notable reputation in employment law, had described as "frivolous" from day one. VisuaLex had claimed "bad faith", threatened sanctions, and litigated the matter very aggressively from the beginning.

Kadden's counsel, an experienced employment lawyer and litigator, researched the claims and drafted the complaint; prepared for and attended mediation before Magistrate Judge Francis; conducted document discovery and attended the depositions of Kadden and Lillian Romano; litigated discovery disputes in court; prepared pretrial papers (including the joint pretrial order, pretrial memorandum of law discussing issues of liability and damages, and

proposed findings of fact and conclusions of law); responded to VisuaLex's motion in limine; reached out to and met with nonparty witness Heather Moran; prepared for the trial (including the direct examinations of Kadden and Moran, and cross examination of Romano, opening and closing statements); prepared the post-trial annotated findings/conclusion from the trial transcript, prepared an additional post-trial submission in response to VisuaLex's unscheduled post-trial brief; prepared an additional post-trial submission on damages; and prepared the papers in support of this fee application. (Risk Dec. at ¶¶ 4-22).

Another factor that weighs in favor of the reasonableness of the instant fee request is that Risk represented Ms. Kadden on a contingent fee basis. Risk Dec. ¶2 Risk received no money from Kadden for his time charges for the entire course of the representation, and ran the risk of earning nothing at all had Kadden not prevailed at trial. *See Smith v. Voorhees College.,* Civil Action No. 5:05-1911, 2008 WL 2627471, at *5 (D.S.C. June 27, 2008) ("[m]any attorneys consider employment cases to be undesirable due to the fact that they require special expertise and have many risks.").

Finally, with respect to the degree of plaintiff's success, the Court awarded the overtime compensation that Kadden was seeking.

## **KADDEN IS ENTITLED TO REIMBURSEMENT OF HER COSTS**

As a prevailing plaintiff, Kadden is entitled to reasonable costs for her FLSA and New York Labor Law claims. 29 U.S.C. § 216(b); N.Y. Labor Law §198(1-a) and §663. *See also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (abuse of discretion not to award plaintiff reasonable out-of-pocket costs); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (prevailing plaintiff entitled to "those reasonable out-of-

pocket expenses incurred by the attorney[s] and which are normally charged fee-paying clients") (citations omitted); *Baird v. Boies. Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 518 (S.D.N.Y. 2002) (prevailing plaintiff entitled to reasonable costs).

Plaintiff's litigation costs are detailed in the Risk Declaration at ¶ 31. In brief, she seeks recovery for the court filing fee, deposition and court transcript charges, photocopying charges for preparation of trial exhibit binders, process server fees for service of trial subpoenas, witness fees, extra word processing charges, and messengers and FedEx charges. There are no charges for computer legal research, telephone calls or facsimile transmissions, and internal photocopying.

The costs incurred by plaintiff in the prosecution of this action are of the type awarded to firms in other cases. See, e.g., *Dailey v. Societe Generale*, 915 F. Supp. at 1332; *Skold v. Am. Int'l Group, Inc.*, No. 96 Civ. 7137, 1999 WL 672546, at *2 (S.D.N.Y. Aug. 25, 1999). The costs are reasonable and of the type normally charged to clients. S*ee Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (upholding award of costs in a Section 1983 action for service of summons and complaint, postage, copying costs, hotel bills, meals, and messenger service, among other things); *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (in Section 1988 action awarding costs available under Fed. R. Civ. P. 54(d) and "any additional costs ordinarily charged in the particular legal marketplace.") (citing *Anderson v. City of New York*, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001)).

Plaintiff therefore requests reimbursement for costs to date in the amount of $6,123.12.

## **Conclusion**

Based on the foregoing, Plaintiff Adina Kadden respectfully requests that the Court grant her motion for attorneys fees and costs and award $ 221,451.25 in attorneys fees and $ 6,123.12 in costs, and that any reduction be limited to eight per cent (8%) of the hours recorded.

Dated: November 12, 2012
      New York, New York

                                     MARK RISK, P.C.

                                     By:_____/s/_____
                                        Mark D. Risk

*Counsel for Plaintiff*
60 East 42nd Street, Suite 4700
New York, NY 10165
(212) 682-4100