USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/12

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

**ADINA KADDEN,**

**Plaintiff,**

**- against -**

**VISUALEX, LLC,**

**Defendant.**

---------------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

**11 Civ. 4892 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Adina Kadden sued her former employer VisuaLex, LLC, to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1] Following a two-day bench trial, I found that Kadden was a non-exempt employee under the FLSA and NYLL, and was thus entitled to recover unpaid overtime in the form of one and one-half times her hourly rate for all hours worked per week above forty.[2] I denied Kadden's request

---

[1] *See* 29 U.S.C. § 201 *et seq.*; N.Y.L.L §§ 198(1-a), 663.

[2] *See Kadden v. VisuaLex, LLC*, No. 11 Civ. 4892, 2012 WL 4354781 (S.D.N.Y. Sept. 24, 2012) ("*Kadden* I"). A detailed factual background is provided in the September 24 Opinion and is not repeated here.

for liquidated damages on the ground that VisuaLex's determination was made in good faith.[3] In an Order dated October 22, 2012, I awarded Kadden damages of $21,765.81 and prejudgment interest of $1,881.99 as well as attorneys' fees and costs.[4] On November 12, 2012, Kadden submitted a request for attorneys' fees and costs in the amount of $227,574.37. I hereby grant her request for fees and costs albeit in a reduced amount.

## II. LEGAL STANDARD

Under the FLSA and NYLL a prevailing party in an employment dispute is entitled to recover reasonable attorney's fees and costs.[5] "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[6] "Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the

---

3 *See id.*

4 *See Kadden v. VisuaLex, LLC*, No. 11 Civ. 4892, 2012 WL 4354781 (S.D.N.Y. Oct. 22, 2012) ("*Kadden* II").

5 *See* 29 U.S.C. § 216(b); N.Y.L.L. §§ 198(1-a), 663. *Accord Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) ("The FLSA provides that a court 'shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'").

6 *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

case — creates a 'presumptively reasonable fee.'"[7] This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."[8] While a district court may not "ignore[] the lodestar and calculate[] the attorney's fees as a proportion of the damages awarded,"[9] its discretion in awarding fees is not "unfettered."[10]

A reasonable rate is generally the "prevailing market rate[] for counsel of similar experience and skill to the fee applicant's counsel."[11] In making this determination, a court may consider "rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."[12] "The relevant community to which the court should look is the district in which the case was

---

7 *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1620, 1673 (2010) and *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189–90 (2d Cir. 2008)).

8 *Perdue*, 130 S.Ct. at 1672 (citations omitted, emphasis in original).

9 *Millea*, 658 F.3d at 169 (citation omitted).

10 *See id.* at 166. *See also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) ("The district court retains discretion to determine . . . what constitutes a reasonable fee.").

11 *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).

12 *Id.*

brought."[13]

In calculating the reasonable number of hours expended "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"[14] In doing so, the court "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."[15] Finally, "'the most critical factor' . . . 'is the degree of success obtained' by the plaintiff."[16] Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount" even if plaintiff's "claims were interrelated, nonfrivolous, and raised in good faith."[17]

## III. DISCUSSION

### A. Reasonable Hourly Rate

---

[13] *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000).

[14] *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

[15] *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985).

[16] *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

[17] *Hensley*, 461 U.S. at 436. "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." *Id*

**1. Attorney Mark Risk**

Mark Risk is a well-respected solo practitioner with approximately twenty-five years of legal experience with a focus on labor and employment law and litigation.[18] He requests an hourly rate of $525 for his time on this case noting that his rates for recent litigations have ranged from $450 to $575 per hour.[19] VisuaLex argues that a reasonable fee is between $150 and $250.[20] Recent cases in the Southern District of New York demonstrate that "the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."[21] This case was not a complex litigation: rather it involved a single

---

[18] *See* 11/12/12 Declaration of Mark D. Risk in Support of Motion for Attorney Fees and Costs ("Risk Decl.") at 9; Resume of Mark D. Risk, Ex. E to Risk Decl.

[19] *See* Risk Decl. at 10.

[20] *See* Affirmation of Traycee Ellen Klein in Opposition to Plaintiff's Motion for Attorney's Fees ("Klein Aff.") at 12.

[21] *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (finding that a partner at Gibson Dunn with thirty years of experience whose usual hourly rate exceeded $1000 was entitled to recover at a rate of $450 for his work on an FLSA suit); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514–15 (S.D.N.Y. 2011) (holding that requested hourly rate of $450 for partner at a "well-known and highly respected law firm" was "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases"); *Saunders v. City of N.Y.*, No. 07 Civ. 830, 2009 WL 4729948, at *8 (S.D.N.Y. Dec.9, 2009) (awarding partners with "substantial experience litigating employment matters" $425 per hour); *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009). (awarding an attorney with roughly twenty five years of experience "the unexceptional rate of $400 per hour" in a FLSA case where "the

plaintiff's claims for unpaid overtime. It was, however, a difficult one, requiring the Court to determine the scope of various exemptions to the FLSA overtime requirements, with little guidance on the subject. Although Kadden ultimately prevailed, I determined that VisuaLex had made its determination that Kadden was exempt in good faith, and denied liquidated damages. When Risk agreed to take Kadden's case on a contingency basis he surely understood not only that he might not prevail, but also that VisuaLex was a small company with limited resources. While it is no reflection on his skills as an attorney, in light of the lack of complexity,[22] the small size of Risk's practice,[23] the relative uncertainty of

---

issues in [the] case were not particularly complex or unusual").

[22] The Second Circuit has explained that courts should consider the complexity of the case in determining what constitutes a reasonable fee. *See Arbor Hill*, 522 F.3d at 184.

[23] It is appropriate to consider the size of the firm both because smaller firms "do[ ] not incur the same overhead costs that burden a large law firm," *Saunders*, 2007 WL 927529, at *3, and because large New York City law firms are generally able to command higher fees. *See Finch v. New York State Office of Children and Family Servs.*, 861 F. Supp. 2d 145, 153 (S.D.N.Y. 2012). *Accord Reiter v. Metropolitan Transp. Auth. of State of New York*, No. 01 Civ. 2762, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007) ("[T]he fact is that the large firms . . .have acquired a reputation that allows them to command high rates in the market. Many other firms, in particular smaller firms that may be providing equally capable services, simply do not command anywhere near such rates . . . ."). However, the fact that Risk was the only attorney billing for the case weighs in favor of a higher fee. *See, e.g., Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11 Civ. 4689, 2012 WL 3339220, at *7 (S.D.N.Y. Aug. 15, 2012) (awarding $350 per hour to an attorney with ten years of experience, who was the "sole" timekeeper).

success, small amount-in-controversy and VisuaLex's small size[24], I find that an hourly fee of $375 is reasonable.[25]

**2. Law Clerk Avi Mermelstein**

Mermelstein is a 2012 law graduate, which means presumably he was a law student during much of the relevant time period. Regardless of the level of skill he displays, a law clerk cannot expect to garner fees similar to those earned by a junior associate who is license to practice law. Courts in this district have found that fees in the area of $80 to $150 are reasonable for law clerks.[26] A reasonable rate for Mermelstein's time is therefore $100 per hour.

---

[24] The Second Circuit has repeatedly "recognized that ability to pay is appropriately to be considered" in assessing attorneys' fees. *Johnson v. New York City Transit Auth.*, 823 F.2d 31, 32-33 (2d Cir. 1987) (citation omitted).

[25] The rate of $375 balances the fee-shifting purpose of "induc[ing] a capable attorney to undertake the representation of a meritorious civil rights case" and the need to "approximate[] the fee" that a paying client would have been willing to pay. *Perdue*, 130 S. Ct. at 1672. *Accord Blum v. Stenson*, 465 U.S. 886, 897 (1984) ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." (ellipsis, brackets, and internal quotation marks omitted)).

[26] *See Allende*, 783 F. Supp. 2d at 514 (approving $125 rate for law clerk); *Gurung*, 851 F. Supp. 2d at 597 (approving $150 for Gibson Dunn law clerk); *Imbeault v. Rick's Cabaret Intern. Inc.*, No. 08 Civ. 5458, 2009 WL 2482134, at *5 (S.D.N.Y. Aug. 13, 2009) (compensating law clerks with undocumented experience at $80); *see also L.I. Head Start Child Dev. Servs, Inc. v. Economic Opportunity Comm'n of Nassau County*, 865 F. Supp. 2d 284, 292 (E.D.N.Y. 2012) (holding that a reasonable fee for law clerk in Eastern District was $75).

### B. Reasonable Hours

In his declaration Risk represents the time allotted to litigating Kadden's case as follows: (1) 45.58 hours through the mediation with Magistrate Judge Francis on October 24, 2011; (2) 60.78 hours through the conference on March 21, 2012 in which the parties agreed to forego summary judgment motions; (3) 122.19 hours through the submission of pretrial papers on June 21, 2012; (4) 104.12 hours through trial on August 15, 2012; and (5) 67.98 hours through post-trial submissions and the fee application.[27] In total, Risk accounts for 400.65 hours spent over the course of the approximately a year and a half of litigation. Avi Mermelstein spent at total of 55.5 hours on the case.[28]

Recognizing that "every case could have, in some respect, been handled more efficiently," Risk agrees to a reduction from the time charges of "no greater than eight percent."[29] VisuaLex requests that the Court reduce fees based on the "significant amount of time" devoted to the issue of liquidated damages, which the Court ultimately denied on the ground that VisuaLex's misclassification

---

[27] *See* Risk Decl. at 8-9. A detailed statement of how Risk spent the time shows that Risk began billing on June 15, 2011 when he first contacted VisuaLex's counsel and last billed for preparation of the instant motion on November 12, 2012. *See* Ex. A to Risk Decl.

[28] *See* Risk Decl. at 8-9.

[29] *Id.* at 12.

was made in good faith.[30] It is impossible to say precisely how much of Risk's time was devoted to the question of liquidated damages, however I find that a reduction of twenty percent of the pretrial and trial hours billed, inclusive of the eight percent proposed by Risk, is a fair reduction of time.[31] This amounts to a reduction of forty-five hours for Risk's time, and eleven hours for Mermelstein's time.[32] In addition, approximately six of Risk's recorded hours were travel time which is compensated at fifty percent of the hourly rate.[33] Based on these hours and the reasonable hourly rates described in Part III.A the total fees awarded are $138,750.00.[34]

**C. Costs**

Kadden also seeks reimbursement for out-of-pocket costs including

---

[30] *See* Klein Aff. at 15.

[31] (122.19 + 104.12) x .20 = 45.26 hours. 55.5 x .20 = 11.1 hours. The fact that damages were fifty percent less than originally requested as a result of the Court's finding on liquidated damages does not warrant a reduction of fifty percent as VisuaLex argues. *See id.*

[32] Inclusion of the eight percent is particularly fair in light of the fact that much of the time spent on post-trial motions was made necessary by defendants' excessive post-trial briefing in defiance of this Court's clear orders. *See Kadden*, 2012 WL 4354781, at *1 n.5.

[33] *See, e.g.*, *Colburn Family Found. v. Chabad's Children of Chernobyl*, No. 06 Civ. 2351, 2011 WL 1758639, at *5 (S.D.N.Y. Apr. 12, 2011).

[34] (355 x $375) - (6 x 187.5) + (45 x $100).

filing fees, deposition and transcript charges, photocopying charges for trial exhibits, and process server charges in the amount of $6,123.12. Kadden does not seek costs for overhead such as word processing and Westlaw research.[35] Costs are awarded in the amount of $5,842.57, with a reduction for what VisuaLex claims was a unilateral decision to order the trial transcript on an expedited basis.[36]

## IV. CONCLUSION

For the foregoing reasons, Adina Kadden is awarded $138,750.00 in attorney's fees and $5,842.57 in costs, for a total award of $144,592.57. The Clerk of the Court is directed to close this motion (Docket Entry No. 37) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 6, 2012

---

35 *See* Risk Decl. at 12.

36 *See* Klein Aff. at 15.

**-Appearances-**

**For Adina Kadden:**

Mark D. Risk, Esq.
Mark Risk, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
(212) 682-4100

**For VisuaLex, LLC**

Traycee Ellen Klein, Esq.
Margaret Casey Thering, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York
(212) 351-4500